Argued and submitted December 16, affirmed October 27, 1982

# STATE OF OREGON,
*Respondent,*

*v.*

# MERLE HOWARD BRITT,
*Appellant.*

## (No. C80-10-33762, CA A20790)

652 P2d 848

Jenny M. Cooke, Portland, filed the brief for appellant.

Richard David Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Defendant was convicted of driving while suspended (ORS 487.560) and driving while under the influence of intoxicants (former ORS 487.540). He appeals the driving while suspended conviction, assigning as error the trial court's pretrial order precluding defendant from offering evidence that defendant possessed a valid Washington driver's license, by virtue of which he reasonably believed he was authorized to operate a motor vehicle in Oregon. Because the underlying premise of defendant's contention is that a culpable mental state is required for the conviction of a crime, we withheld disposition of this case pending the Supreme Court's decision in *State v. Buttrey,* 293 Or 575, 651 P2d 1075 (1982).

In *Buttrey,* the court held that a culpable mental state was not required under ORS 487.560 (driving while suspended), that the lack of a requirement on the state to prove a culpable mental state does not reduce the offense to a violation (ORS 161.105(1)(a))[1] and that the statutory scheme, so construed, does not deny a defendant his Fourteenth Amendment due process rights. There, the defendant contended that she did not know that her license had been suspended and that the state was required to prove that she had received notice of the suspension. Here, defendant does not contend that he was unaware that his Oregon license had been suspended but, rather, contends that he reasonably believed he was authorized to operate his vehicle in Oregon under his Washington driver's license, notwithstanding the suspension of his Oregon license. ORS 487.560,[2] however, defines the offense as operating

---

[1] ORS 161.105(1)(a) provides:

"(1) Notwithstanding ORS 161.095, a culpable mental state is not required if:

"(a) The offense constitutes a violation, unless a culpable mental state is expressly included in the definition of the offense; * * *."

[2] ORS 487.560(1) provides:

"(1) A person commits the crime of driving while suspended or revoked if the person drives a motor vehicle upon a highway during a period when the person's license or permit to drive a motor vehicle or the person's right to apply for a license to drive a motor vehicle in this state has been suspended or revoked by a court or by the division or if the person drives a motor vehicle outside the restrictions of a license issued under ORS 482.475 or 482.477."

a motor vehicle "when the person's license or permit to drive a motor vehicle * * * *in this state* has been suspended * * *." Further, ORS 482.050[3] makes it clear that a license issued by another jurisdiction does not constitute authorization for a person to operate a motor vehicle in this state during a period of suspension of the person's Oregon license.

Accordingly, unless defendant's mental state is an element of the crime charged here, the proffered evidence was irrelevant and was properly excluded. Although *Buttrey* held only that knowledge of the suspension was not an element of the crime, the case was decided on the broad ground that a culpable mental state is not an element of the crime under ORS 487.560. Accordingly, the trial court properly excluded the evidence.

Defendant's other contentions were also decided adversely to him in *Buttrey.*

Affirmed.

---

[3] ORS 482.050 provides:

"A nonresident, except one who is under the minimum age prescribed by this chapter for an operator's license, who has duly been licensed either as an operator or chauffeur under a law requiring the licensing of operators or chauffeurs in his home state or country and who has in his immediate possession either a valid operator's or chauffeur's license issued to him in his home state or country, shall be permitted, without examination or license under this chapter, to drive a motor vehicle upon the highways of this state. However, a license issued by another jurisdiction shall not constitute authorization for a person to operate a motor vehicle in this state during a period of suspension or revocation of an operator's or chauffeur's license issued by this state or of the right to apply for an operator's or chauffeur's license issued by this state."